WILLIAM A. FAGAN, RESPONDENT, v. CENTRAL RAILROAD COMPANY OF NEW JERSEY, APPELLANT.

Submitted March 24, 1919—Decided June 20, 1919.

Secondary evidence of the contents of a written release is admissible, and where a case is tried and proof offered and admitted of the contents of a release which releases the defendant from all claim, without any objection, and the production of the release is not required by the plaintiff, the releasor, and the cause is submitted by both parties upon the theory that the contents of the release was proven as part of the defence, an instruction to the jury, that because of the non-production of the release, there was nothing before the court to warrant the jury in saying that the plaintiff was prevented from a recovery because of the release, was a legal error.

On appeal from the Monmouth County Circuit Court.

For the appellant, *George Holmes* and *De Voe Tomlinson*.

For the respondent, *Wight, Wight & Golenbock.*

The opinion of the court was delivered by

BERGEN, J. This was an action for damages which the plaintiff claims he suffered while in the employment of the defendant.

One 'of the defences was that plaintiff had released the defendant from all claim for his injuries for $85, which was paid to him. Plaintiff admits receiving the $85 and signing a paper which he thought was for wages. No objection was made to the secondary proof of the contents of the release, which was not produced by the defendant, and one of the issues tried was whether the writing was executed as a release or as a receipt. The answer of the defendant sets up that the paper released the defendant from all claim resulting from the injuries upon which this action is based, and the reply filed by the plaintiff is that the release was procured by fraud. This was a jury question, but one which they were not allowed to determine under the charge of the court. The cause was tried and submitted to the jury by both parties upon the theory that the contents of the release had been proven, but its. execution as a release obtained by fraud or misrepresentation.

The trial court without request by plaintiff's counsel and of its own motion, instructed the jury regarding the release as follows: "It appears that some time after the accident the plaintiff left the hospital and went to defendant's office, and after accepting $85 signed a paper that was brought him. The plaintiff testifies that he thought he was signing a receipt. Defendant's claim agents testify that it was a release. It was a written document and must be produced by the defendant if it relies upon this document to prevent a recovery by the plaintiff. The paper has not been produced, and its absence has not been accounted for, and there is. nothing be-

fore the court that will warrant you in saying that the plaintiff is prevented from recovery, if you find that he has any claim against this company, by reason of any paper that was signed at that time."

This was a material legal error, and clearly injurious to the defendant, for it took from the jury all consideration of the effect of the release, if not obtained by fraud, which was for the jury to decide. Secondary evidence of the contents of a writing not produced is always competent if a proper foundation for its admission be shown, and where it is received without objection, and the parties acquiesce in its introduction, and try the case as if the contents were proven by the production of the writing, the necessity for proving the foundation for the admission of secondary testimony of contents is waived. This result makes it unnecessary to deal with the other grounds of alleged error.

The judgment will be reversed and a new trial ordered.

*For affirmance*—KALISCH, J.   1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.   13.